877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy RICHARDSON, Plaintiff-Appellant,
v.
Ben IRONS, Matthew B. Hamidullah, R.A.L. Walker, Defendants-Appellees.
 No. 89-6539.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1989.
Decided June 12, 1989.
 
 Leroy Richardson, appellant pro se.
 LaVee Hamer Jackson, Office of the Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leroy Richardson, a North Carolina inmate, brought this 42 U.S.C. Sec. 1983 action alleging that the prison's prohibition of fezzes, incense, and scented religious oils violated his first amendment right to practice his religion. Richardson belonged to the Moorish Science Temple, a sect of the Islamic faith, and his faith required the use of the disputed items. The district court granted the defendants' motion for summary judgment, and we affirm.
 
 
 2
 Prison officials may restrict the practice of religion where the restriction is reasonably related to legitimate security concerns. O'Lone v. Estate of Shabazz, 55 U.S.L.W. 4792 (U.S. June 9, 1987) (No. 85-1722). The restrictions here were based on legitimate security concerns. Specifically, incense could be burned to cover the scent of marijuana. Dettmer v. Landon, 799 F.2d 929 (4th Cir.1986), cert. denied, 55 U.S.L.W. 3853 (U.S. June 20, 1987) (No. 86-5590). Further, fezzes could be used to conceal contraband, including drugs and weapons. Butler-Bey v. Frey, 811 F.2d 449 (8th Cir.1987). The oils pose three potential security threats. First, they may be flammable; second, their scent, like the incense, could be used to hide marijuana use; and third, the oils could be used to transport drugs.
 
 
 3
 The district court correctly deferred to the prison officials' security concerns regarding these items. Dettmer v. Landon, 799 F.2d at 933-34, citing Bell v. Wolfish, 441 U.S. 520 (1979). Therefore, we affirm the order of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.